**Jeanette BRAXTON–SECRET,**
**Plaintiff-Appellant,**

v.

**A.H. ROBINS COMPANY, a corporation, Hugh J. Davis, Irwin S. Lerner, and Pee Wee Molding Corporation, Defendants-Appellees.**

No. 84–1877.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1985.

Decided May 14, 1985.

Michael Friedman, Lawrence A. Strick, Conklin, Davids & Friedman, San Francisco, Cal., for plaintiff-appellant.

Barbara J. Paulson, Charles Horn, Bronson, Bronson & McKinnon, Kevin J. Dunne, Bruce Edwards, Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., for defendants-appellees.

Before SNEED, TANG and CANBY, Circuit Judges.

SNEED, Circuit Judge:

The plaintiff, Jeanette Braxton-Secret, appeals from a final judgment granting the defendants' motion for summary judgment based on the running of the statute of limitations. We affirm.

## I.

### FACTS AND PROCEEDINGS BELOW

On August 14, 1973, the plaintiff was fitted with a Dalkon Shield intrauterine device (IUD) by her personal gynecologist, Dr. William Boelter. The plaintiff switched to the Dalkon Shield as a means of contraception upon the recommendation of Dr. Boelter after using birth control pills for nine years.

On July 9, 1974, the plaintiff informed Dr. Boelter that she had recently suffered a spontaneous abortion (miscarriage) while working in Madrid, Spain. The plaintiff was examined by Dr. Boelter about a week later on July 18, 1974. Although the plaintiff's pelvic exam was normal, Dr. Boelter removed the Dalkon Shield which was still *in utero* and restarted the plaintiff on oral contraceptives.

On June 12, 1981, about seven years after her miscarriage occurred, the plaintiff filed this action against the A.H. Robins Company, Dr. Hugh J. Davis, Irwin S. Lerner, and Pee Wee Molding Corporation for her pregnancy, incomplete spontaneous abortion, and other injuries alleged to have arisen from her use of the Dalkon Shield. The plaintiff's action was based on various products liability theories as well as fraud and misrepresentation. The action was filed only after the plaintiff learned of other suits based on experiences similar to her own with the Dalkon Shield.

On February 13, 1984, defendant A.H. Robins Company moved for summary judgment on the ground that the statute of limitations under section 340(3) of the California Code of Civil Procedure barred the action. Defendants Hugh J. Davis and Irwin S. Lerner joined in the motion. On February 28, 1984, the district court granted the defendants' motion for summary judgment, and entered final judgment for all defendants against Ms. Braxton-Secret on April 17, 1984.

## II.

### JURISDICTION

Jurisdiction in the district court was based on 28 U.S.C. § 1332 (1982). This court has jurisdiction over the plaintiff's timely appeal under 28 U.S.C. § 1291 (1982).

## III.

### ISSUES PRESENTED

Plaintiff makes two contentions in this appeal. First, she asserts that there is a genuine issue of material fact about whether she had sufficient knowledge of her injury to commence the running of the statute of limitations so as to bar her ac-

tion. Second, she contends that there was a fraudulent concealment of relevant facts that tolled the statute of limitations. We shall address each of these contentions.

## IV.

### STANDARD OF REVIEW

■ Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) if, viewing the evidence in the light most favorable to the opposing party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1352 (9th Cir.1984). The court of appeals reviews *de novo* the district court's grant of summary judgment under this standard. *Id.; Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 883 (9th Cir.1983).

## V.

### DISCUSSION

A. *The Knowledge Contention.*

■ Under California law, products liability actions involving personal injury or wrongful death claims are subject to a one-year statute of limitations, regardless of the legal theories upon which the action is based. Cal.Civ.Proc.Code § 340(3) (Deering Supp.1985); *Pereira v. Dow Chemical Co.*, 129 Cal.App.3d 865, 873, 181 Cal.Rptr. 364, 368 (1982); *G.D. Searle & Co. v. Superior Court*, 49 Cal.App.3d 22, 25, 122 Cal. Rptr. 218, 220 (1975). The one-year statutory period of section 340(3) is applicable to this action.[1] *See In re Northern District of California "Dalkon Shield" IUD Products Liability Litigation*, 503 F.Supp. 194, 197 (N.D.Cal.1980), *aff'd sub nom. Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir.1983).

The plaintiff, on appeal, contends that the one-year statute of limitations did not begin to run until she had knowledge of the material facts essential to all elements of her cause of action, including knowledge of the defendants' alleged tortious conduct or a defect in the Dalkon Shield.

In *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, this court held that the statute of limitations under California Code of Civil Procedure section 340(3) begins to run when "the plaintiff has obtained sufficient information to put a reasonable person on notice of the possible origin of the alleged injury." *Sidney-Vinstein*, 697 F.2d at 882–83.

■ In the case of tortious acts that do not result in perceptible trauma, the one-year statute of limitations under California law begins to run once the injured party knows of or, by the exercise of reasonable diligence, should have discovered the injury and its cause. *Pereira*, 129 Cal.App.3d at 873–74, 181 Cal.Rptr. at 369; *G.D. Searle*, 49 Cal.App.3d at 25, 122 Cal.Rptr. at 220. Actual knowledge of the cause of injury is not necessary. When a "plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation ... the statute commences to run." *Sanchez v. South Hoover Hospital*, 18 Cal.3d 93, 101, 553 P.2d 1129, 1133, 132 Cal.Rptr. 657, 663 (1976) (emphasis omitted); *see Pereira*, 129 Cal.App.3d at 874, 181 Cal.Rptr. at 369; *Warrington v. Charles Pfizer & Co.*, 274 Cal.App.2d 564, 571, 80 Cal.Rptr. 130, 135 (1969).

However, plaintiff contends that, based on the general knowledge that no IUD is 100% effective at preventing pregnancy and that there are many possible causes of miscarriage, it was reasonable for her not to suspect a tortious failure of the Dalkon Shield as a possible cause of her pregnancy and miscarriage. She strongly contends that a question of fact existed as to whether she had sufficient information linking the Dalkon Shield and her injuries to place her on inquiry, and whether she diligently

---

**1.** Application of the one-year limitations period to all of the plaintiff's claims in this case is not challenged by the parties on appeal.

pursued the discovery of her cause of action.

██ Questions involving a person's state of mind, e.g., whether a party knew or should have known of a particular condition, are generally factual issues inappropriate for resolution by summary judgment. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* §§ 2729–2730, at 229, 238 (2d ed. 1983). However, where the palpable facts are substantially undisputed, such issues can become questions of law which may be properly decided by summary judgment. *See Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir.1983). But summary judgment should not be granted where contradictory inferences may be drawn from such facts, even if undisputed. *United States v. Perry*, 431 F.2d 1020, 1022 (9th Cir.1970).

██ The district court in this case concluded that, based on undisputed facts, a reasonable person in Ms. Braxton-Secret's position had sufficient information to know the IUD's purpose, that it had not met its purpose, and that a possible origin of her alleged injuries was the Dalkon Shield, even without the advice or opinion of a medical expert. Assuming, in plaintiff's favor, that she was not warned of the risks of using the IUD or of its link to her miscarriage, the issue on appeal remains whether the undisputed facts in this case provide an inadequate basis for summary judgment.

Ms. Braxton-Secret had been using birth control pills for nine years before switching to the Dalkon Shield. After the IUD was inserted, she discontinued taking oral contraceptives until the IUD was removed following her miscarriage, when she again began using oral contraceptives. From these facts alone, it is reasonable to conclude that the plaintiff knew or should have known that the IUD was a contraceptive device intended to prevent pregnancy. When she discovered, after suffering a miscarriage, that she had been pregnant while the IUD was still in place, the only reasonable conclusion she could have drawn was that the IUD failed its contraceptive purpose. Her alleged uncertainty as to whether the pregnancy was due to an "expected" failure of the IUD or a "defective" failure did not toll the limitations period. The plaintiff could not reasonably ignore the possibility that the IUD's failure was due to an actionable defect or act by the defendants. It was unnecessary for her to have known of a causal connection between her miscarriage and the IUD for the statutory period to have commenced. Once aware of her spontaneously aborted pregnancy, the plaintiff was placed on notice of her cause of action, and the limitations period began to run.

### B. *The Fraudulent Concealment Issue.*

██ Plaintiff also contends that the statute of limitations was tolled by the principle of fraudulent concealment. She argues that the defendants A.H. Robins, Davis, and Lerner concealed and misrepresented the actual pregnancy rate associated with the use of the Dalkon Shield. She claims that their concealment and misrepresentations prevented her from discovering material facts regarding her injury and its cause, thus delaying the filing of her claim until she became aware of the misrepresentations in 1981.

In California, "the defendant's fraud in concealing a cause of action against him tolls the applicable statute of limitations, but only for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by the exercise of reasonable diligence, should have discovered it." *Sanchez,* 18 Cal.3d at 99, 553 P.2d at 1133–34, 132 Cal.Rptr. at 661–62 (citations omitted) (cited with approval in *Brown v. Bleiberg,* 32 Cal.3d 426, 437–38, 651 P.2d 815, 821, 186 Cal.Rptr. 228, 234 (1982)); *see also Sidney-Vinstein,* 697 F.2d at 884 n. 4 ("Even assuming these facts [showing misleading behavior or concealment] to be true, the plaintiff was in no way hindered by such action (or lack of action) from filing a complaint.").

In this case, the district court, relying on *Sanchez,* ruled that the fraudulent concealment alleged by the plaintiff did not toll the statute of limitations because she independently discovered facts from which she should have known of her claim for relief. Since, based on undisputed facts, Ms. Braxton-Secret knew or should have known before 1980 that her miscarried pregnancy was caused by a failure of the Dalkon Shield, the district court's conclusion is correct. The one-year statute of limitations began to run in 1974 and was not tolled by the defendants' alleged misrepresentations.

AFFIRMED.