**In re Peter Henry HARGETT and Dixie Carolyn Hargett, Debtors.**

**COWLITZ CANDY AND TOBACCO, INC., a Washington corporation, Plaintiff,**

**v.**

**Peter Henry HARGETT and Dixie Carolyn Hargett, Husband and wife, Debtors.**

**Bankruptcy No. 87–33240T. Adv. No. A87–33441.**

United States Bankruptcy Court, W.D. Washington at Tacoma.

March 10, 1989.

Randall L. Stewart, Vancouver, Wash., for debtors.

William Jeffrey Davis, Seattle, Wash., for plaintiff.

## MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ROBERT W. SKIDMORE, Bankruptcy Judge.

This matter came on for hearing November 11, 1988, upon a motion for summary judgment brought by plaintiff, Cowlitz Candy and Tobacco, Inc. (hereinafter Cowlitz). Plaintiff seeks a determination that defendants' debt to plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(6), and an entry of judgment as was awarded by the Pacific County Superior Court. Plaintiff believes that summary judgment is supported, and that all material facts relevant to dischargeability were resolved by, the Pacific County Superior Court's memorandum opinion, and its findings of fact and conclusions of law.

## FACTS

Plaintiff was a primary vendor of Coastal Distributors Inc., supplying the business with candy, cigarette products, and other sundry goods. Coastal Distributors was the final name used by a closely held, family-owned corporation in which debtors were the principal shareholders. Coastal purchased goods from the plaintiff, on four occasions between January 17, 1986 and January 27, 1986, charging the purchases to an open account. Shortly afterwards, Coastal ceased doing business. At the time the business closed, plaintiff was owed over $30,000.00. on the account.

Cowlitz commenced a lawsuit in Pacific County Superior Court upon the indebtedness. One of the defendants' defenses against the debt was that it was a corporation obligation only. The case was tried on April 20, 1987 and both parties were represented by counsel.

The trial court issued its Memorandum Opinion on July 7, 1987, finding defendants personally liable to plaintiff on the theory that the debtors had used the corporate entity for their own benefit. In the closing paragraphs of the state court's opinion, it was stated that the prevailing counsel could submit, for the court's consideration, additional elements of facts as proposed additional findings.

A year after the memorandum opinion was entered, the attorney for Cowlitz submitted proposed Findings and Conclusions. While the debtors state it was not by their choice, neither the debtors nor their trial lawyer appeared at the hearing when the additional findings and conclusions were presented. Their bankruptcy attorney was in a difficult position as he was not prepared to defend on the matter and he had not participated in the trial. Therefore, he also did not appear at the presentation hearing.

In its memorandum opinion, the state court made certain findings regarding the defendant corporation. According to the state court, the corporation was closely held, owned mainly by the Hargetts and members of their family. The court traced the history of the corporation's business dealings with the plaintiff and found that Cowlitz had failed to establish liability on an undisclosed principal theory.

The second part of the memorandum opinion dealt with issues which also have bearing on nondischargeability under section 523 of the Bankrutcy Code. The state court found the Hargetts personally liable for Coastal Distributors Inc.'s debt to Cowlitz on the basis that they used the corporation for their personal benefit. They ignored their duty to treat the corporation's creditors equally and had favored one creditor: the bank where the Hargetts had signed a personal guarantee. The court also found that the corporation had been manipulated by the debtors to the detriment of plaintiff.

The court further found that the debtors were aware of the precarious financial position of Coastal, and that they used the corporation to make purchases in order that the resulting inventory might be liquidated to satisfy the bank debt. By this manipulation of the corporate entity, the debtors were able to protect themselves from personal liablity. The court specifically found that the debtors lacked good faith at the time of the transactions. In the court's view, the debtors knew the corporation could not be saved when they bought the goods.

## ANALYSIS

■ The plaintiff's move for summary judgment. Applying the principle of collateral estoppel, plaintiff argues that the state trial court's memorandum opinion, and the subsequent findings of fact and conclusions of law, provide a sufficient factual basis from which the present court can establish nondischargeability of the debt as a matter of bankruptcy law.

Fed.R.Civ.P. 56(c), made applicable to bankruptcy proceedings through Bankruptcy Rule 7056, provides that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law". In ruling on a motion for summary judgment, the court must construe all evidence, inferences and issues of credibility in favor of the party against whom the motion is made. *Braxton–Secret v. A.H. Robins Co.*, 769 F.2d 528, 530 (9th Cir.1985).

This court agrees with the plaintiff's position. This court permitted Cowlitz to return to the state court to submit additional elements of fact as the trial court suggested in its memorandum opinion on July 2, 1987. The attorney for the debtors argues that the state court was merely rubber stamping the plaintiff's proposed findings and conclusions, and that the resulting document is nothing more than a default entry. However, this court notes that the judge made several substantial changes before signing the proposed findings, and by these edits it is clear that the trial court was thorough and careful in its determination. There is no evidence in this court's mind of rubber stamping. Moreover, while the new findings and conclusions enlarge upon the memorandum opinion, this court finds that the memorandum opinion, itself, is sufficient from which to make a ruling on nondischareability in this matter.

In reaching its conclusions, this court has carefully examined the affidavit Dixie C. Hargett submitted in opposition to the summary judgment motion. A look at the constrast between Mrs. Hargett's statements and the memorandum opinion is particularly illustrative. Mrs. Hargett sets forth certain facts; a detailed history of the family's dealings with the plaintiff; a recounting of the difficulties the family encountered when they attempted to obtain financing so that the debtors' son would takeover the business. After providing this background information, she gets to the heart of the material which is the subject of this ruling. She states at page 8, line 5,: "At no time was there a prior plan nor was there a general passive expectation that the inventory which we had purchased from plaintiff between January 17 and January 28, 1986 would be voluntarily or involuntarily transferred to the Bank of the Pacific in reduction of its loan balance".

Mrs. Hargett also states: "the implication of plaintiff's presentation that my husband and I through the corporation, ordered goods from plaintiff for the sole purpose of turning those goods over to Bank of Pacific to help satisfy its lien is false." Dixie Hargett goes on to say that there is no evidence which would support the state court's findings.

Later in her affidavit she states that: "at the time such inventory was purchased our expectation was that such inventory would be used in the regular course of the business as some of it was and that to the extent the corporation did not resell the same by January 31, 1986, such inventory would be sold to Lindsey Hargett for his continuing business operation and the proceeds of such sale would go to pay plaintiff." The plaintiff in that case, being Cowlitz.

In direct contradiction to Mrs. Hargett's portrayal of events, the state court specifically found that the Hargetts used the corporation for their personal benefit. The trial court found that aware of the business' precarious financial condition, the debtors acted consciously and with a lack of good faith to protect their own interests. The court's findings indicate to this court that the state court believed there was a plan at the time of the purchase of the goods to have them transferred to the bank. As a consequence, the trial court found the debtors personally liable and the plaintiff was granted judgment for $33,662.33.

The differences between the affidavit of the debtor and the findings of the trial court illustrate that the debtors are simply attempting to impeach the court's findings and to have the bankruptcy court retry the very same facts that were tried in the state court. It is apparent to this court from review of the record, that the state court judge had heard the same facts as the debtors now present and had choosen to reject their explanations. The court's findings were reached after a full trial on the issues material to that action, and the factual findings from that action are also materially relevant to this one. At the state

court trial, both debtors were present, they were represented by counsel, and the case was vigorously litigated.[1] The debtors had a full trial and are in effect now asking that this court be an appellate court to review the state court's decision.

The question of the weight to give state court findings was addressed by the court in *In re Tilbury*, 74 B.R. 73 (9th Cir. BAP 1987) wherein it was stated:

The standard of review on appeal from a summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. See B.R. 7056, Fed.Rules of Civ.Pro. 56(c).

Ordinarily, the burden is on the moving party to demonstrate that there are no issues of fact and that disposition of the case hinges on issues of law. *In re Stephens*, 51 B.R. 591, 594 (9th Cir. BAP 1985). However, already been considered and decided by the state court and, consequently, whether such decision precludes the bankruptcy court from again considering that same issue. If consideration of the factual issue is precluded by virtue of the prior determination, there remains for decision only an issue of law which is then subject to summary judgment.

■ As the *Tilbury* court observed, a prior state court judgment has no res judicata effect on dischargeability, since this is an issue of bankruptcy law and one which is not necessarily determinable from the state court matter. *Id.* at 78. However, the *Tilbury* court found that collateral estoppel is an appropriate approach in certain circumstances. *Id.*

This court finds that the instant case presents an appropriate occasion for applying collateral estoppel; the facts set forth in the memorandum opinion are sufficiently stated for this court to make an individual review of them, and from this review to form an independent judgment regarding dischargeability. The state court's memorandum opinion addresses the debtors

knowledge, their conduct, and their intent during the transaction in question. This court finds that the findings on these matters are sufficient to establish the facts necessary for an exception to discharge under 523(a)(2)(A), and this court is satisfied that the judgment in the state court should be found to be nondischargeable.

---

1. The court notes that this was not the case on the presentation of the subsequent findings and conclusions, but since this court does not rely on the later findings, this distinction is of no consequence.