**In re GEORGE'S COMET MOTOR-CARS, LTD., d/b/a George Isuzu, Debtor.**

**AMERICAN ISUZU MOTORS, INC., Plaintiff,**

**v.**

**GEORGE'S COMET MOTORCARS, LTD., d/b/a George Isuzu, Defendant.**

**Bankruptcy No. 87 B 15714.
Adv. No. 87 A 1165.**

United States Bankruptcy Court, N.D. Illinois, E.D.

May 26, 1989.

David N. McBride, P.C., Donald C. Pasulka, Ross & Hardies, Chicago, Ill., for American Isuzu.

Denyse Heffner, Office of U.S. Trustee, Chicago, Ill., for U.S. trustee.

Donald C. Shine, Stephen G. Kehoe, Nisen & Elliott, Arthur G. Simon, Dannen, Crane, Heyman & Simon, Chicago, Ill., for debtor.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

The Debtor, George's Comet Motorcars, Ltd., sells Isuzu vehicles pursuant to an offer to enter a dealership agreement with the plaintiff in this adversary proceeding, American Isuzu Motors, Inc., ("AIMI"). Under the terms of the offer, AIMI sold products to the Debtor for re-sale and the offer was to ripen into a contract if the Debtor complied with certain conditions. AIMI's two count complaint seeks 1) a declaration that the plaintiff's offer to enter into the dealership agreement was revoked before the Debtor filed its bankruptcy petition, and 2) rescission of the dealership agreement based on fraud. The plaintiff

moves for summary judgment only on the rescission count, which alleges that the Debtor intentionally made false statements on an application upon which the plaintiff justifiably relied and which induced the plaintiff to enter the dealership arrangement with the Debtor.

In response to the summary judgment motion, the Debtor submitted two affidavits. AIMI contends that the affidavits contradict prior deposition testimony and must be disregarded. The Court, however, finds that there are genuine issues of material fact raised by one of the affidavits and concludes that the plaintiff is not entitled to rescission of the dealership agreement as a matter of law. The plaintiff's motion for summary judgment on count II of its complaint will be denied.

### The Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings in the bankruptcy court by Bankruptcy Rule 7056, provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In 1986, the Supreme Court decided a trilogy of cases which encouraged the use of the summary judgment motion as a means to efficiently dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action' ").

■ The movant's initial burden is to show that there is no basis in the record for facts that might determine a result of the case in favor of the non-movant. *See Anderson*, 477 U.S. at 251, 106 S.Ct. at 2510, 91 L.Ed.2d at 214; Childress, *A New Era for Summary Judgments: Recent Shifts at the Supreme Court*, 116 F.R.D. 183, 190 (1986). Such a showing would satisfy the movant's burden under Rule 56(c) that there are no genuine issues as to any material facts.

■ The Supreme Court has now specifically rejected the view that summary judgment will not be granted if there is a scintilla of evidence supporting the non-movant. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co.*, 475 U.S. at 586, 106 S.Ct. at 1356, 89 L.Ed.2d at 552. Instead, once the movant's initial burden is met, the non-movant must show that there is a genuine dispute as to a material fact. *Id.* Of course, all evidence must still be viewed most favorably to the non-movant. *Bartman v. Allis Chalmer Corp.*, 799 F.2d 311, 312 (7th Cir.1986), *cert. denied*, 479 U.S. 1092, 107 S.Ct. 1304, 94 L.Ed.2d 160 (1987).

■ Where resolution of a dispositive issue requires the court to determine a party's state of mind, summary judgment is generally inappropriate since much depends on the credibility of the witnesses and the trier of fact's observance of the witnesses' demeanor during direct and cross-examination. *Braxton–Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir.1985); *Croley v. Matson Navigation Co.*, 434 F.2d 73, 77 (5th Cir.1970). Summary judgment is appropriate, however, even when issues of scienter are involved, if in response to a properly supported motion for summary judgment the non-movant offers no specific facts to show that there is a genuine issue for trial or simply relies on mere allegations or denials. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514 (libel action). Summary judgment on scienter issues is also appropriate where the facts are unambiguous and contrary inferences as to a party's intent are precluded. *Braxton–Secret*, 769 F.2d at 531

(defendant's summary judgment motion granted as to whether the plaintiff knew or should have known of her actionable injury after miscarriage); *Arizona Laborers v. Conquer Cartage Co.*, 753 F.2d 1512, 1518 nt. 9 (9th Cir.1985) ("Contrary inferences are not possible where undisputed and conclusive evidence as to the intent of the parties is before the court.... In those instances, summary judgment would be appropriate"); *Hall v. Security Planning Services*, 419 F.Supp. 405 (D.C.Ariz.1976) (summary judgment granted against defendants in fraud action where evidence of scienter was uncontested). Accordingly, summary judgment is not precluded here merely because intent is an issue.

*AIMI's Motion for Summary Judgment*

In September, 1986 the Debtor and Mr. George Chiarelli, the president and sole shareholder of the Debtor, submitted an application to purchase an Isuzu automobile dealership from Carr's Isuzu. AIMI requires that all purchasers of Isuzu dealerships submit an application for its prior approval. In response to the dealership application, AIMI delivered a letter to the Debtor, dated September 12, 1986, in which AIMI offered to enter into the dealership agreement with the Debtor. The offer was open for acceptance until December 12, 1988 and was to be deemed accepted if the Debtor performed certain specified obligations by that date.[1] The offer was deemed automatically revoked if the obligations were not performed by that date. The offer was also expressly revokable on ninety days written notice.[2]

In accordance with the terms of the offer, on October 9, 1987, AIMI notified the Debtor in writing that it was revoking the offer effective in ninety days. The notice of revocation was in response to the Debtor's alleged failure to perform certain obli-

gations specified in the offer. The Debtor denies that the revocation was effective.

On October 23, 1987, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. On December 4, 1987, AIMI filed an adversary proceeding seeking a declaration from this Court that the offer to enter the dealership agreement was terminated pre-petition. During discovery for the adversary proceeding, AIMI found what it thought to be material misrepresentations in the dealership application which, it claims, induced it to make the offer to the Debtor. AIMI then filed an amended complaint adding a second count, for rescission of the agreement that allowed the Debtor to sell and service Isuzu products. The basis of AIMI's rescission count is fraud in the inducement. Count II of the amended complaint is the object of AIMI's motion for summary judgment, presently before the Court.

AIMI's success on the rescission count requires that it prove the following elements: 1) That a misrepresentation of material fact was made, 2) that the misrepresentation was made for the purpose of inducing AIMI to act, 3) that the Debtor, through Mr. Chiarelli, knew the misrepresentation was false or did not actually believe, on reasonable grounds, that it was true, 4) that AIMI reasonably believed the misrepresentation to be true, and 5) that AIMI relied on the misrepresentation to its detriment. *See Century Universal Enterprises, Inc., v. Triana Development Corp.*, 158 Ill.App.3d 182, 110 Ill.Dec. 229, 510 N.E.2d 1260 (2d Dist.1987); *Roda v. Berko*, 401 Ill. 335, 339–40, 81 N.E.2d 912, 914 (1948).

AIMI alleges that the Debtor's dealership application falsely represents that no criminal or civil judgment had been entered against the Debtor or Mr. Chiarelli. Questions "D" and "E" of the dealership application asked whether the applicant ever

---

**1.** Acceptance of the offer was conditioned on the Debtor's satisfaction of several obligations. Three obligations are relevant for purposes of AIMI's adversary complaint. The Debtor was required to 1) provide complete and accurate financial and operating statements, 2) maintain satisfactory flooring arrangements, and 3) train service, management and technical personnel at Isuzu sponsored schools.

**2.** The Debtor disputes the validity of the revocation provision of the offer under the Illinois Motor Vehicle Franchise Act.

had a criminal or civil judgment entered against him or whether the applicant had ever been a partner, officer, director or stockholder in a firm which had a civil or criminal judgment entered against it. Mr. Chiarelli, whose signature appears on the application, answered an unequivocal "no" to both questions "D" and "E". It is uncontested that the negative responses to the questions concerning past judgments were not accurate. In fact, AIMI alleges that nine judgments had been entered against the Debtor and Mr. Chiarelli.[3]

AIMI further alleges that the misrepresentations were made to induce it to enter a dealership agreement with the Debtor. In support of that allegation AIMI exhibits the dealership application, signed by Mr. Chiarelli, which states that all information in the application was true and was presented to induce AIMI to enter a dealership agreement with the Debtor.[4] Moreover, AIMI submits the affidavits of Gordon C. Burton, former dealer operations manager for AIMI, and Donald P. Bruen, former central region manager for AIMI. Both affidavits state that Messrs. Burton

and Bruen, the AIMI employees responsible for recruiting new dealers, would not have recommended the appointment of the Debtor as an Isuzu dealer had they known of the judgments entered against the Debtor and Mr. Chiarelli. Both affidavits also state that AIMI relied on the representations in the dealership application when the offer was extended to the Debtor and that AIMI had no reason to doubt the accuracy of the information in the dealership application.

Mr. Chiarelli and the Debtor make no attempt to deny the existence of the judgments. Initially, Mr. Chiarelli indicated in answers to interrogatories that he had "no knowledge" of any judgments entered against him or the Debtor. At his deposition on September 26, 1988 and November 17, 1988, Mr. Chiarelli stated that he didn't recall any judgments entered against him or the Debtor. He then stated that he had no recollection of any judgments when he completed the dealership application in January, 1986. In its answer to the amended complaint, however, filed on February 2,

---

**3.** AIMI alleges that Mr. Chiarelli knew or reasonably should of known of the following judgments when he completed the dealership application: (1) *Gonzalez v. George Chiarelli, Jr., d/b/a George's Comet Motors,* 79 C 181 (N.D.Ill. 1979). A default judgment of $4,621.00 was entered against the defendant on August 28, 1979 for alleged intent to defraud the plaintiff by altering an odometer reading and selling a car with a faulty engine and transmission. (2) *State of Illinois v. Chiarelli,* 76–428650 (Circuit Court Cook County 1976). A guilty plea was entered by the defendant on March 18, 1976 in response to criminal charges of failure to keep proper records in the operation of his used car business. A $50 fine was imposed on the defendant. (3) *Morris v. George's Comet Motorcars, Ltd.,* 83 ML 122933 (Circuit Court Cook County 1983). Default judgment of $1,250.00 entered against the defendant for alleged fraud in connection with the sale of a used car to the plaintiff. (4) *State of Illinois v. Chiarelli,* No. 03–2201130 (1978). Bond forfeiture judgment of $1,025.00 entered against defendant. (5) *State of Illinois v. Chiarelli,* No. X4–615–271 (1978). Bond forfeiture judgment of $1,025.00 entered against the defendant. (6) *City of Chicago v. Chiarelli,* 80 ML 60670 (Circuit Court Cook County 1980). Judgment entered on November 11, 1980 against the defendant for building code violations relating to the premises used for the defendant's used car business. Judgement for

$2,870.00. (7) *Pickens Kane Moving and Storage v. Chiarelli, d/b/a George's Comet Motors,* 83 ML 157369 (Circuit Court Cook County 1983). Judgment entered against defendant for breach of contract on August 10, 1983. Defendant ordered to pay damages in the amount of $1,561.63 plus costs. (8) *City of Chicago v. Chiarelli,* 82 ML 67024 (Circuit Court Cook County 1982). Judgment entered against defendant for building code violations at defendant's used car lot. (9) *City of Chicago v. Chiarelli,* 83 ML 400308 (Circuit Court Cook County 1983). Judgment entered against the defendant on July 27, 1983 for building code violations at defendant's used car lot. Fine of $2,800.00 imposed.

The Debtor's answer to Count II of the amended complaint admits the entry of judgments 1, 2 and 7 against the Debtor and Mr. Chiarelli. The Debtor's answer states that the Debtor lacks sufficient information to admit or deny the entry of judgments 3, 6 and 8. The Debtor answers that the bond forfeitures were returned after Mr. Chiarelli appeared in court on those matters.

**4.** The dealership application states; "[the applicant] represent[s], warrant[s] and confirm[s] that all statements made herein are true and correct and have been made for the purpose of inducing American Isuzu Motors, Inc. to give favorable consideration to the Applicant."

1989, the Debtor acknowledged the existence of three of the judgments.[5]

AIMI contends that there is no evidence in the record that would support a result in favor of the Debtor on any of the five elements of an action for rescission based on fraud.

### The Debtor's Response to Summary Judgment Motion

The Debtor's response to AIMI's motion for summary judgment includes the affidavits of Mr. Chiarelli and Mr. Timothy Verbeke, former Chicago zone sales manager for AIMI. Although the affidavits attest to facts not previously in the record, the Debtor claims that they raise genuine issues of material fact. First, the Debtor offers the recent affidavit of Mr. Chiarelli which states in relevant part:

5. That I now recall that Mr. Verbeke asked me at my offices prior to the completion of the ISUZU application in January, 1986 if I had any judgments and I told him that I believed that I did. I do not recall telling him any specifics concerning judgments. I believe that I was also asked about specific judgments during that same time period by Mr. Bruen at the offices of AMERICAN ISUZU. . . .

8. That thereafter at my office, on or about January 8, 1986, Mr. Verbeke directed my secretary in the completion of the application and at his further direction I signed it and gave it to Mr. Verbeke for processing.

Affidavit of George Chiarelli, dated March 20, 1989. The Debtor contends that Mr. Chiarelli's recent affidavit is evidence that AIMI knew the application was false and did not rely on the information in the application.

The Debtor also offers the recent affidavit of Mr. Verbeke, which states in relevant part:

3. That between June 1984 and October 1986 I was employed by AMERICAN ISUZU MOTORS, INC. ("AIMI") as Zone Sales Manager for the Chicago Zone . . .

6. That in preliminary discussions with MR. CHIARELLI in late 1985 and early 1986 prior to completion of the ISUZU application at the GEORGE'S COMET premises, I asked him if he had any judgments against him and he indicated to me that he had some "stuff" in the past;

7. That I then immediately advised Mr. Donald Bruen and/or Scott Farrant, AIMI supervisors at my office about the existence of judgments against MR. CHIARELLI. To the best of my knowledge they then ran a check on his background and that of GEORGE'S COMET and discovered judgments against them because they later talked about it.

8. . . . I was then directed as part of my job duties to assist MR. CHIARELLI in the preparation of his application.

9. That on or about January 8, 1986, I went to MR. CHIARELLI'S office at GEORGE'S COMET where, after talking on the phone with Mr. Bruen and/or Mr. Farrant concerning how GEORGE'S COMET application ought to be completed, I directed MR. CHIARELLI'S secretary in the completion of the application;

10. That based upon specific instructions from Mr. Farrant and/or Mr. Bruen at that time, I advised MR. CHIARELLI'S secretary to place check marks indicating the answer "No" to each of the [two questions in the application concerning prior judgments against Mr. Chiarelli or George's Comet].

11. That after the application was completed, I gave it to MR. CHIARELLI to sign. He did so and I then brought the application back to my office.

12. That Mr. Bruen thereafter reviewed the application, approved it and forwarded it on for final approval to AIMI's offices in Whittier, California.

Affidavit of Timothy Verbeke, dated March 20, 1989. The Debtor contends that Mr. Verbeke's recent affidavit also raises genuine issues of material fact.

AIMI's reply memorandum argues that the affidavits of Mr. Chiarelli and Mr. Verbeke were offered merely to create sham

---

5. See note 3, supra.

issues of fact and thereby defeat the motion for summary judgment which, based on all other evidence in the record should be granted. AIMI invokes the well settled rule that "[p]arties cannot thwart the purpose of Rule 56 by creating issues of fact through affidavits that contradict their own depositions." *Miller v. A.H. Robins Co., Inc.,* 766 F.2d 1102, 1104 (7th Cir. 1985); *See also Perma Research and Development Co. v. Singer Co.,* 410 F.2d 572, 577–78 (2d Cir.1969). Accordingly, AIMI argues that the affidavits should be disregarded.

 An affidavit must be disregarded by a court considering a motion for summary judgment if the affidavit contradicts clear deposition testimony by the affiant. *Miller,* 766 F.2d at 1104–05; *Babrocky v. Jewel Food Company and Retail Meatcutters Union,* 773 F.2d 857, 861 (7th Cir. 1985); *Rubin v. Rudolf Wolff Commodity Brokers, Inc.,* 636 F.Supp. 258, 262 (N.D. Ill.1986); *Selsor v. Callaghan & Co.,* 609 F.Supp. 1003, 1008–10 (N.D.Ill.1985). The inconsistent affidavit may be considered only if the affiant shows that he was confused at the deposition and the affidavit clarifies that confusion or if the affidavit sets forth newly discovered evidence. *Id.; Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 893 (5th Cir.1980). Allowing a contradictory affidavit to create a genuine issue of fact would neuter the summary judgment procedure and defeat its primary purpose. *Babrocky,* 773 F.2d at 861; *Camfield Tires, Inc. v. Michelin Tire Corp.,* 719 F.2d 1361, 1365 (8th Cir.1983).

 At his deposition, Mr. Chiarelli repeatedly stated that at the time he submitted the dealership application he had no knowledge of, or didn't recall, any civil or criminal judgments entered against him or against George's Comet. That testimony directly contradicts Mr. Chiarelli's statements in his March 20, 1989 affidavit that he "now recall[s]" telling Mr. Verbeke about past judgments. Moreover, Mr. Chiarelli also repeatedly stated at his deposition that he completed the dealership application. He made no mention of Mr. Verbeke or other AIMI representative completing the application for his signature. Yet his March 20, 1989 affidavit attests that Mr. Verbeke directed Mr. Chiarelli's secretary in completing the application and Mr. Chiarelli merely signed the application after it was completed. The affidavit does not set forth newly discovered evidence. Mr. Chiarelli merely remembers the events differently in the affidavit than he did during his deposition. There is also nothing in the deposition to indicate that Mr. Chiarelli was confused by the questions. Nor are Mr. Chiarelli's answers ambiguous. Such blatant inconsistencies between deposition testimony and a later affidavit strongly indicate that the affidavit was offered merely to create sham issues of fact and should therefore be disregarded.

 Mr. Verbeke's March 20, 1989 affidavit, however, presents a more difficult problem because Mr. Verbeke is not a party or affiliated with a party to this proceeding and his deposition has not been taken. AIMI cites *Martin v. City of New York,* 627 F.Supp. 892, 896 (E.D.N.Y.1985) for the proposition that the affidavit of a non-party may not avoid summary judgment when the affidavit contradicts deposition testimony. That interpretation of *Martin* is not entirely correct. In *Martin,* both the plaintiff and the plaintiff's mother had been deposed. The defendant moved for summary judgment. The plaintiff and his mother subsequently submitted affidavits that contradicted their own prior deposition testimony. The court disregarded both affidavits and stated; "[t]hat [the plaintiff's mother] is not a 'party' to this action will not permit her to defeat the city's motion by contradicting her deposition testimony." 627 F.Supp. at 896. Like Mr. Verbeke, the plaintiff's mother in *Martin* was not a party. However, unlike Mr. Verbeke, the plaintiff's mother had been deposed prior to submitting her affidavit. In *Martin,* the prior deposition was the standard by which the court could determine whether the affidavit presented only sham issues of fact. There is no such standard here by which to measure Mr. Verbeke's affidavit.

In *Camfield Tires, Inc. v. Michelin Tire Corp.,* 719 F.2d 1361 (8th Cir.1983), the

court disregarded the affidavit of the plaintiff's president and the corroborating affidavit of his secretary. Both affidavits directly contradicted the prior deposition testimony of the plaintiff's president. The court did not discuss the contents of the secretary's affidavit in detail or whether the secretary had been deposed. But the secretary in *Camfield* was an employee of the plaintiff acting under the direction and control of the plaintiff's president. Here, Mr. Verbeke was an employee of the adversary plaintiff, AIMI, and although AIMI contends he left his position as Chicago zone sales manager on less than friendly terms, his relationship with the Debtor cannot be compared with that of a secretary. In addition, unlike the secretary's affidavit in *Camfield,* Mr. Verbeke's affidavit does more than merely corroborate Mr. Chiarelli's affidavit. He attests to conversations with AIMI supervisors concerning the Debtor's prior judgments, which is not contrary to prior deposition testimony. Accordingly, *Camfield* is not authority for disregarding Mr. Verbeke's affidavit.

Moreover, the Seventh Circuit stated in *dicta* in *Babrocky,* "[w]ere the conflict at issue between a deposition and an affidavit given by two separate individuals, then summary judgment would be inappropriate because the district court may not weigh conflicting evidence. [citation omitted]. The situation is quite different when a plaintiff has directly contradicted her own earlier statements ..." 773 F.2d at 861. Although the fact pattern in *Babrocky* was not the same as in this proceeding, that statement is a strong indication of the limits of the rule relied upon by AIMI. To disregard Mr. Verbeke's affidavit here, would be to determine a credibility issue, which is inappropriate on a motion for summary judgment. Where a party's affidavit directly contradicts his prior deposition there really is no credibility issue. It is clear that one of the statements is untrue. The courts disregard the affidavit, not because they have found the deposition to be more credible, but to protect the summary judgment process by refusing to allow the abandonment of prior deposition testimony upon which the motion is based. *See Cam-*

*field Tires,* 719 F.2d at 1365–66. But where there is no prior deposition of the affiant himself the Court cannot disregard the affidavit without determining the affiant's credibility. Here, this Court would have to find that the deposition of Mr. Chiarelli renders the Verbeke affidavit unworthy of belief. That is a credibility issue that cannot be resolved on this motion.

■ It is true that where "an offer of evidence is too incredible to be believed" it should be disregarded by the court. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure,* § 2727 (1983) at 169–70; *See also 528 Cases, Each Containing 24 Cans, More or Less, of Tomatoes v. United States,* 211 F.2d 249, 251 (7th Cir.1954); *Selsor,* 609 F.Supp. at 1010. Even in light of the other evidence in the record, however, Verbeke's affidavit is by no means incredible. Weighing all inferences drawn from the evidence in favor of the non-movant, as we must, Mr. Verbeke's affidavit creates a genuine issue of material fact as to several elements of AIMI's rescission action. Although Mr. Verbeke's affidavit also contradicts Mr. Chiarelli's prior deposition testimony, there was never a prior opportunity to depose Mr. Verbeke and he therefore has not contradicted himself. Following the edict of *Babrocky,* the Court will not resolve a conflict in the evidence on a motion for summary judgment. Mr. Verbeke's affidavit will therefore not be disregarded.

Finally, AIMI argues that Mr. Verbeke's affidavit is insufficient to avoid summary judgment because it fails to satisfy the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. AIMI contends that the affidavit is not based on personal knowledge and contains nothing but conclusory statements which are not sufficient for Rule 56(e) purposes. *See Federal Deposit Insurance Corp. v. Meyer,* 781 F.2d 1260, 1267 (7th Cir.1986); 10A Wright, Miller & Kane *Federal Practice and Procedure,* § 2727 at 146–69.

The Court disagrees. Although Mr. Verbeke's affidavit contains some inadmissible statements he also attests to his personal knowledge of conversations with Mr. Chiar-

elli and other AIMI supervisors concerning the prior judgments against George's Comet and Mr. Chiarelli. For example, Mr. Verbeke clearly states that he asked Mr. Chiarelli about judgments. While Mr. Chiarelli's answer that he had some "stuff" in his past is vague, it would have been sufficient in response to that direct question to put AIMI on notice of a potential problem in that area. Mr. Verbeke also states that he told one or two of his supervisors about judgments and that one or both of them told him to check the "No" boxes on the application.[6] Those statements are sufficient to raise genuine issues of material fact as to whether AIMI believed Mr. Chiarelli's misrepresentations in the application to be true and whether AIMI reasonably relied on the misrepresentations. In light of Mr. Verbeke's affidavit, the Debtor has introduced more than a scintilla of evidence that there is a genuine dispute as to a material fact.

For the foregoing reasons, an Order will be entered denying AIMI's motion for summary judgment.

---

6. It is true, as AIMI points out, that the affidavit's unfortunate use of the "and/or" construction introduces an unnecessary element of ambiguity, as it always does. "This combination, both a visual and a mental abomination, is a device much favored by lawyers, who are constantly trying to plug that last loophole. But in most instances a little thought will tell them that either *and* or *or* will do the trick." T. Bernstein, *Dos, Don'ts and Maybes of English Usage,* 16 (1977, Times Books). But it does appear that Mr. Verbeke spoke to at least one of his supervisors at AIMI.