**Harold and Betty THOMSON, Plaintiffs,**

v.

**EAGLE–PICHER INDUSTRIES, INC., et al., Defendants.**

**Civ. A. No. 88–2135.**

United States District Court, E.D. Michigan, S.D.

Feb. 9, 1990.

As Amended Feb. 27, 1990.

William L. Martens, Miller, Cohen, Martens & Ice, Southfield, Mich., for plaintiffs.

Ronald E. Wagner, Kitch, Saurbier, Drutchas, Wagner & Kenney, Detroit, Mich., for defendants.

MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Plaintiffs filed this complaint on May 20, 1988, alleging that exposure to defendants' products caused Harold Thomson's asbestosis. Thomson claimed he was exposed to defendants' products from 1967 through 1981, when he worked as a janitor and production operator for Dow Chemical Company in Midland, Michigan. I have jurisdiction based on 28 U.S.C. § 1332, diversity of citizenship.

Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that Michigan's statute of limitations precludes this claim. I held a hearing on this motion on January 16, 1990. Because I find that the relevant statute of limitations does preclude this suit, I GRANT defendants' motion for summary judgment.

In 1974, Harold Thomson ("Thomson") participated in a medical screening for workers exposed to vinyl chloride. Defendants argue that the information Thomson received as a result of this screening caused the statute of limitations to begin running on plaintiffs' claims. I agree.

In 1975, Thomson received a "Report of Examination Results" from Mount Sinai School of Medicine, dated February 12, 1975. *Exhibit A,* attached to *Defendant Eagle Picher's Motion for Summary Judgment Based on Statute of Limitations,* filed December 14, 1989, and *Exhibit A,* attached to *Plaintiff's Answer to Defendant Eagle Picher's Motion for Summary Judgment,* filed December 28, 1989. This report contains the following entry.

Chest x-ray: Minimal amount of fine irregular opacities bibasiliar. Left pleural thickening; pleural and parenchymal changes consistent with asbestos disease.

The doctor who conducted this screening enclosed a cover letter with this report. *Exhibit A,* attached to *Eagle Picher's Motion for Summary Judgment, supra,* and *Exhibit A,* attached to *Plaintiff's Answer, supra.* This letter, dated February 27, 1975, stated in part:

I am happy to inform you that the results of your examination were generally satisfactory. Some changes were found which were minimal in extent and do not seem at all worrisome. These occurred in your chest x-ray.

Defendants argue that Thomson's claim is based on the same information contained in the 1975 report; no new information has been added. Defendants cite the report of Thomson's current medical expert, Dr. Michael Harbut. *Exhibit B* attached to *Defendant Eagle Picher's Motion for Summary Judgment based on Statute of Limitations,* filed December 14, 1989. Dr. Harbut stated that he believed Thomson had pulmonary asbestosis. The report said Thomson's chest x-ray and physical examination were "abnormal and seen in asbestosis." *Id.* This report also indicates Thomson had pleural thickening. *Id.* at page 2 of *Exhibit B.* Dr. Harbut and the 1975 report agree that Thomson's chest x-rays are consistent with asbestosis.

Plaintiffs contend that the present claim is also based on information not contained in the 1975 report. Thomson argues that while his current breathing tests are abnormal, his 1975 breathing tests were normal, and there is no evidence he had a breathing problem until 1987. He also says his current clinical findings include rales, unlike the 1975 findings. I note that the 1975 report indicated that one of Thomson's special symptoms was: "Respiratory—Chronic cough and sputum production." *Id.* at page 2 of *Plaintiff's Exhibit A.* Plaintiffs argue Thomson was not actually aware of his disease until 1987, when he received a letter from his union.

The substantive issue before me is whether under Michigan law, Thomson's asbestosis claim accrued in 1975 when he received the letter and report, or in 1987. The Michigan Supreme Court has held that an asbestosis cause of action accrues when the plaintiff knew or should have known of his disease. *Larson v. Johns–Manville Corp.,* 427 Mich. 301, 319, 399 N.W.2d 1 (1986). After the cause of action accrues, the plaintiff has three years to bring suit. *Id.*

In *Larson,* the Michigan Supreme Court construed Michigan's general accrual statute, M.C.L. § 600.5827; M.S.A. § 27A.5827. This statute requires that, except as otherwise expressly provided, a claim accrues when the wrong upon which the claim is based was done, regardless of the time when damage results. *Larson, id.* at 308–309, 399 N.W.2d 1. Notwithstanding this statutory language, the court decided it would be unfair to apply this accrual standard in asbestosis and asbestos-induced lung cancer cases. Therefore, it adopted a "discovery rule" for asbestosis claims. In

Michigan, an asbestosis claim accrues when the plaintiff knew or should have known of his disease.

Defendants do not claim that Thomson had actual knowledge of his asbestosis in 1975. They argue he should have known of his disease in 1975. Plaintiffs contend that a note he wrote on the doctor's cover letter indicates he had no actual knowledge. Thomson wrote the following note on the cover letter:

These reports are to do with the manufacture of Poly Vinyl Chloride—Saran emulsion—and mixing of other chemicals. P.V.C. is used in food and medicinal purposes and met such laws.

Thomson claims this note, which is not dated, shows he believed the report only concerned vinyl chloride; it gave him no actual notice of an asbestos injury.[1]

Under *Larson, id.,* the present question is whether after receiving the 1975 letter and report, Thomson should have known he had an asbestos disease. If he should have had this knowledge in 1975, the present suit would be time barred.

Summary judgment is granted where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). My present function is to determine whether there is a genuine issue for trial, not to try such an issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1985). An issue or dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. This standard mirrors the directed verdict standard, which is that I must direct a verdict if there can be but one reasonable conclusion as to the verdict. *Id.* at 250, 106 S.Ct. at 2511 (citation omitted).

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1985) (citations omitted). I must construe Federal Rule of Civil Procedure 56 with due regard not only for Thomson's right to get to a jury, but also for defendants' right to demonstrate his claims have no factual basis. *Id.*

Under *Anderson* and *Celotex v. Catrett,* I will grant summary judgment for defendants if the only reasonable conclusion possible is that Thomson should have known in 1975 that he had an asbestos disease. If I make this finding, there could be no genuine issue for trial, because under *Larson,* the statute of limitations would preclude this case. However, before I reach the question of what Thomson should have known in 1975, I must discuss whether this is a question of law, suitable for disposition on summary judgment.

■ I find that the issue whether Thomson should have known of his asbestos disease is a question of law, properly decided on summary judgment. In applying a similar discovery rule, the United States Court of Appeals for the Ninth Circuit has held that whether a products liability plaintiff should have known of the cause of the injury is a question of law "where the palpable facts are substantially undisputed." *Braxton–Secret v. A.H. Robins Co.,* 769 F.2d 528, 530–531 (9th Cir.1985).

In *Braxton–Secret,* the statute of limitations began to run "once the injured party knows of or, by the exercise of reasonable diligence, should have discovered the injury and its cause." *Id.* at 530 (citations omitted). The Michigan Supreme Court has adopted the definition of "should know" given in the Restatement of Torts. *White v. Chrysler Corp.,* 421 Mich. 192, 303, fn. 15, 364 N.W.2d 619 (1984) *citing* 1 *Restatement Second of Torts* § 12 (1965). The Restatement's comment regarding this definition says that the phrase "should know" indicates the actor has a duty to use rea-

---

**1.** This note also belies Thomson's contention that because he is an unsophisticated layman, I should assume he relied on the plain language of doctor's letter, rather than the "technical" language of the report.

sonable diligence to investigate the fact in question. *Id.* at 20. The discovery rule applied in *Braxton–Secret* is therefore equivalent to the Michigan discovery rule adopted in *Larson* and elaborated upon in *White v. Chrysler Corp.* and the Second Restatement of Torts.

The facts at issue in *Braxton–Secret*, as well as the discovery rule, are similar to those in the present case. In *Braxton–Secret*, the plaintiff sued the manufacturer of her intrauterine device ("IUD") after she became pregnant and miscarried while using the IUD. The Court of Appeals for the Ninth Circuit held that the question whether plaintiff should have known of her injury and its cause when she became pregnant was a question properly resolved on summary judgment. *Id.* at 531. Questions involving states of mind are generally fact issues. *Id.* However, what the plaintiff should have known can become a legal issue properly determined on summary judgment where the palpable facts are substantially undisputed. *Id.*

The district court in *Braxton–Secret* properly granted summary judgment for the defendant because plaintiff's cause of action accrued when she became pregnant and miscarried. The appellate court found as a matter of law that a reasonable person in plaintiff's position should have known her injuries could have been caused by the IUD, even without expert advice.

As in *Braxton–Secret*, the relevant facts in this case are substantially undisputed. Thomson does not argue he failed to receive the report in 1975. Defendants agree the cover letter accompanied the report. The parties agree on the content of these two documents. The question, therefore, narrows down to whether as a matter of law, a reasonable person in Thomson's position should have known he had an asbestos disease in 1975.

Even giving plaintiffs the benefit of every inference, I find that Thomson should have had this knowledge in 1975. I do not think it relevant, as plaintiffs contend, that this knowledge was based on a vinyl chloride report. This report was an unexpected source of information, but a reliable medical source nonetheless.

Similarly, I do not think it dispositive that the cover letter minimized the extent of the changes revealed in Thomson's x-ray. Indeed, this letter underscored the fact that there were abnormal changes reported. Thomson should have known, as the report clearly states, that his 1975 chest x-ray indicated changes consistent with asbestos disease. To hold otherwise, given the undisputed facts in this case, would emasculate the objective "should have known" standard *Larson* established.

Because I find Thomson should have known he had an asbestos disease in 1975, his present cause of action accrued in 1975. This suit is barred by Michigan's three year statute of limitations. Accordingly, I GRANT summary judgment for defendants.

IT IS SO ORDERED.