**In re Gloria M. SHELNUTT and Joe C. Shelnutt.**

**MODICON, INC., Plaintiff,**

**v.**

**Joe C. SHELNUTT, Defendant.**

**Bankruptcy No. 92–41716S. Adv. No. 92–92–4176.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

Dec. 23, 1992.

Phillip Pesek, Little Rock, AR, for plaintiff.

Charles Baker, Little Rock, AR, for defendant.

Charles D. Davidson, Little Rock, AR, trustee.

ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon several motions filed by the parties. A review of the Court file in this Adversary Proceeding and of the main case file reveals the following facts. The voluntary Chapter 7 petition in bankruptcy was filed on July 8, 1992. The deadline for filing objections to discharge and complaints to determine dischargeability was October 12, 1992. On August 17, 1992, an agreed Order was submitted to the Court which granted the creditor plaintiff Modicon, Inc. ("Modicon") an extension of time to object to discharge. On November 9, 1992, Modicon filed a Complaint to Determine Dischargeability under section 523(a)(2)(A), (a)(2)(B), (a)(4), based upon allegedly fraudulent conduct of the debtor Joe Shelnutt.

The Answer was filed on December 4, 1992, and asserted one affirmative defense, namely a failure to state a claim for which relief may be granted. On the same date the plaintiff filed a motion to dismiss for failure to plead fraud with particularity and a motion for summary judgment asserting that no fraud existed.

On December 11, 1992, the debtor defendant filed a Motion to Strike Complaint For Lack of Timeliness, asserting that the Order of August 17, 1992, permitted an extension to object to discharge only; no request was made to extend the time to object to dischargeability of a particular debt. Accordingly, asserts the debtor, the complaint to determine dischargeability is untimely.

On December 9, 1992, the plaintiff Modicon filed a Motion for Leave to Amend Complaint requesting that it be permitted to file an Amended complaint adding section 523(a)(6) as grounds for objecting to dischargeability. The original complaint and the proposed amended complaint are virtually identical. The factual allegations are identical. The only difference in the complaints is the assertion that section 523(a)(6) excepts the debt from discharge. The debtor objected to this motion, stating in full:

> Comes now the Defendant, Joe C. Shelnutt, and does object to the Motion of the Plaintiff to amend its Complaint *objecting to dischargeability of the debt* owed by the Debtor to the Plaintiff because the Motion to add a count to Complaint pursuant to Section 523(a)(6) raises a new matter and theory for *objecting to discharge,* and it has been filed after the extended date for objections to discharge.

(Emphasis added.)

### *The Motion to Dismiss*

The Motion to dismiss is one paragraph in length and simply states that the complaint "does not state the circumstances constituting fraud with particularity as is required by Rule 7009 of the Bankruptcy Rules and Rule 9(b) of the Federal Rules of Civil Procedure." The Court has reviewed the complaint and finds that it does plead fraud with sufficient particularity to withstand the motion to dismiss. That sufficient facts are pleaded is confirmed by the ability of the defendant to answer the complaint and file a motion for summary judgment on the same date. Accordingly, the Motion to Dismiss for Failure to Plead Fraud with Particularity, filed on December 4, 1992, will be denied.

### *The Motion for Summary Judgment*

■ The motion for summary judgment, filed on the same date as the answer and before conduct of discovery, asserts no fraud occurred. The motion must be denied for two reasons. First, the plaintiff should be permitted a period of time in which to conduct discovery. Granting summary judgment on a fraud issue in this particular case prior to a discovery period is manifestly inappropriate. *See* Fed.R.Civ. Proc. 56(f); *Palmer v. Tracor, Inc.,* 856 F.2d 1131, 1133–34 (8th Cir.1988); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.,* 859 F.2d 865, 870–71 (11th Cir.1988).

 Secondly, fraud is not generally susceptible to summary judgment. While the Supreme Court has stated that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole," *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986), questions involving a person's state of mind "are generally factual issues inappropriate for resolution by summary judgment." *Braxton–Secret v. A.H. Robins Co.,* 769 F.2d 528, 531 (9th Cir.1985). Further, the trial judge must accept as true the nonmovant's evidence, must draw all legitimate inferences in the nonmovant's favor, and must not weigh the evidence on the credibility of witnesses. *Windon Third Oil and Gas v. Federal Deposit Insurance Corporation,* 805 F.2d 342, 346 (10th Cir. 1986). Were the Court simply to accept the assertions in the defendant's affidavit, that he committed no fraud, the Court would be improperly weighing the credibility of the witness. Accordingly, the motion for summary judgment will be denied.

### The Motion to Amend and Motion to Strike

 Rule 15(a), Federal Rules of Civil Procedure provides that leave of court to amend "shall be freely given when justice so requires." In the Eighth Circuit, the rule is a liberal one:

> As explained by the Supreme Court, absent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted. *Foman v. Davis,* 371 U.S. 178, 182 [83 S.Ct. 227, 230, 9 L.Ed.2d 222] ... (1962). Amendment of pleadings is to be liberally allowed, but the trial court's decision whether to allow amendment will be reviewed only for an abuse of discretion.

*Thompson–El v. Jones,* 876 F.2d 66, 67 (8th Cir.1989). In the instant case, the motion to amend was filed early in the litigation, only five days after the answer was filed.

Most importantly, the proposed amended complaint asserts no new facts, but only seeks to assert an additional fraud theory. Accordingly, the defendant was on notice of all factual grounds upon which the complaint was based. There is no prejudice to the defendant by the amendment.

 The assertion by the plaintiff, however, that "Amendment of the Complaint will have no prejudicial effect on the Defendant because he has had prior notice of the misconduct stated in the original Complaint and is fully aware that Modicon is seeking an exception to discharge based upon provision of Section 523 of the Bankruptcy Code," must be addressed. The lack of prejudice does not stem from the fact that the defendant had notice that section 523 was pleaded, but stems from the factual allegations specifically pleaded and thereby noticed to the defendant. Section 523 contains numerous grounds for nondischargeability. The fact that the factual allegations of this particular complaint supports several of these grounds does not necessarily mean that pleading one paragraph of section 523 places a defendant on notice of any other grounds under section 523.

The fact that the amendment should be permitted under Rule 7015, however, does not dispose of the issue in this particular case. The defendant asserts that in any event, the complaint itself is untimely and must be stricken because plaintiff obtained only an extension of time to object to discharge, not an extension of time to object to dischargeability of a debt. First, it appears that is an affirmative defense which should have been pleaded in the answer or asserted in a motion to dismiss. The failure to do so, or to seek to amend the answer to assert such a defense, in effect waives that defense.

The Court finds that there is confusion by both parties as to the distinction between discharge and dischargeability. This is demonstrated by the defendant's motion to strike in which he asserts that the amendment "raises a new matter and theory for *objecting to discharge.*" Given the confusion of *both* parties, this Court deems

it appropriate to permit the complaint objecting to dischargeability to stand.

ORDERED as follows:

1. The Motion to Dismiss for Failure to Plead Fraud with Particularity, filed on December 4, 1992, is be DENIED.

2. Shelnutt's Motion for Summary Judgment, filed on December 4, 1992, is DENIED without prejudice to refiling at a more appropriate juncture in the adversary proceeding.

3. The Motion for Leave to Amend Complaint, filed December 9, 1992, is GRANTED. The plaintiff shall file and serve an amended complaint within ten (10) days of entry of this Order. The defendant shall file and serve its answer to the amended complaint within ten (10) days of service of the amended complaint.

4. The Motion to Strike Complaint for Lack of Timeliness, filed December 11, 1992, is DENIED.

IT IS SO ORDERED.