[No. B160174. Second Dist., Div. Four. July 24, 2003.]

HANJIN INTERNATIONAL CORPORATION, Plaintiff and Respondent, v. LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY et al., Defendants and Appellants.

**1110**

COUNSEL

Lloyd W. Pellman, County Counsel, Steven J. Carnevale, Assistant County Counsel and Richard P. Chastang, Deputy County Counsel for Defendants and Appellants.

Cadden & Fuller, Thomas H. Cadden and Ignacio J. Lazo for Plaintiff and Respondent.

OPINION

**EPSTEIN, J.**—In this case, we conclude that the four-year statute of limitations in Revenue and Taxation Code section 5097 applies to an action for refund of overpayment of a special benefit assessment imposed pursuant to Public Utilities Code (PUC) section 33000 et seq.

### FACTUAL AND PROCEDURAL SUMMARY

The facts are not in dispute. Hanjin International Corporation owns two parcels of property located in Metropolitan Transportation Authority (MTA) Benefit Assessment District A-1. On April 4, 2000, Hanjin petitioned the MTA for a refund of the assessments on these parcels for fiscal year 1999–2000. In October 2000, after a field inspection, the MTA acknowledged it had miscalculated the square footage of the parcels. The parties entered into written stipulations resolving the 1999–2000 refund claim, resulting in a substantial refund to Hanjin.

On February 14, 2001, Hanjin filed petitions for reduction in assessments on the same parcels for fiscal years 1997–1998 and 1998–1999. These

petitions were identical to the petitions for fiscal year 1999–2000 in asserting that the assessments were incorrectly calculated. The MTA summarily rejected the petitions as untimely because they were not filed "before the end of the assessment year for which the assessment is levied," as required under section 4.3 of the appeal procedures established by the MTA Board of Directors. Hanjin then filed claims for refund with the County of Los Angeles, asserting the assessments had been incorrectly calculated. The county referred these claims back to the MTA for decision. The MTA sent Hanjin another copy of its letter rejecting the petitions as untimely.

Hanjin then brought this action against the MTA and the county (now referred to collectively as the MTA) for refund of excessive benefit assessments for fiscal years 1997–1998 and 1998–1999. Among its affirmative defenses, the MTA asserted that Hanjin failed to timely exhaust the internal administrative remedies provided under the MTA's benefit assessment appeals procedure. Hanjin successfully moved for summary judgment on the ground that its refund claims were governed by the four-year statute of limitations contained in Revenue and Taxation Code section 5097. Judgment was entered, and the MTA appeals.

## DISCUSSION

Revenue and Taxation Code section 5096 provides for refund of taxes paid before or after delinquency if they were erroneously or illegally collected (subd. (b)), or illegally assessed or levied (subd. (c)). The limitations period for filing a claim for refund is set out in Revenue and Taxation Code section 5097 , which provides that a refund shall only be made on a claim "[f]iled within four years after making of the payment sought to be refunded or within one year after the mailing of notice as prescribed in Section 2635, or the period agreed to as provided in Section 532.1, whichever is later." (Rev. & Tax. Code, § 5097, subd. (a)(2).) This is the four-year period at issue in this case.

The MTA argues this limitations period applies to refunds of taxes, not of special benefit assessments. ■ There is a distinction between taxes and special benefit assessments. "A special assessment is 'levied against real property particularly and directly benefited by a local improvement in order to pay the cost of that improvement.' [Citation]." (*Knox v. City of Orland* (1992) 4 Cal.4th 132, 141–142 [14 Cal.Rptr.2d 159, 841 P.2d 144].) "Unlike a special assessment, a tax can be levied ' "without reference to peculiar benefits to particular individuals or property." ' [Citations.]" (*Ibid.*)

The definitional distinction is overridden in this case by a pair of statutes. First, Revenue and Taxation Code section 4801: "As used in this part, 'taxes'

includes *assessments* collected at the same time and in the same manner as county taxes." (Italics added.) The "part" referred to is part 9 of the Revenue and Taxation Code, which includes the provisions for refunds in sections 5096 and 5097. ■ In light of section 4801, claims for tax refunds governed by sections 5096 and 5097 include taxes as well as assessments levied and collected by the county at the same time and in the same manner as taxes are levied and collected.

The second statute is PUC section 33017, codified in chapter 12, which provides for the special benefit assessments at issue in this case. ■ Section 33017 provides in pertinent part: "Special benefit assessments authorized by this chapter shall be levied and collected by the county at the same time and in the same manner as taxes are levied and collected." Levy and collection of the assessments by the county "at the same time and in the same manner as taxes are levied and collected" brings the special benefit assessments within the definition of taxes set out in Revenue and Taxation Code section 4801. (Pub. Util. Code, § 33017.) Since "special benefit assessments" are included within the definition of "taxes" applicable to part 9 of the Revenue and Taxation Code, the four-year statute of limitations for refund claims set out in section 5097 is applicable.

The MTA argues that it was entitled to create a shorter time period for refund applications of special benefit assessments under the broad grant of authority in PUC section 33002, subdivision (c). That subdivision provides: "The district shall possess all powers necessary for, incidental to, or convenient for the collection, enforcement, administration, or distribution of the special benefit assessment *in accordance with California law*." (Italics added.) ■ California law, in the form of Revenue and Taxation Code section 5097, provides for a four-year period within which to seek a refund of special benefit assessments. The MTA has no authority to create an appeal procedure which conflicts with the statutory provision. (See *Agricultural Labor Relations Bd. v. Superior Court* (1976) 16 Cal.3d 392, 419 [128 Cal.Rptr. 183, 546 P.2d 687]; *In re Johnny S.* (1995) 40 Cal.App.4th 969, 978 [47 Cal.Rptr.2d 94].)

■ The MTA seeks to avoid this limit on its authority by relying on PUC section 33019, which provides: "In the event of conflict with any other law, the provisions of this chapter shall prevail with respect to benefit districts within the district." The MTA argues that it promulgated the assessment appeals procedure under the grant of authority in PUC section 33002, and that grant prevails over the limitations period set out in Revenue and Taxation Code section 5097. The flaw in this argument is that the MTA was only granted authority to manage the special benefit assessments "in accordance with California law." This limited grant of authority to the MTA did not give

it a right to adopt regulations or procedures which conflict with California law, as set out in Revenue and Taxation Code section 5097.

We conclude that Hanjin's refund applications were timely. The trial court properly granted summary judgment in its favor.

## DISPOSITION

The judgment is affirmed.

Vogel (C. S.), P. J., and Hastings, J., concurred.

Appellants' petition for review by the Supreme Court was denied October 29, 2003.