**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GHOLWAN MECHAMMIL, | No. 14-56308 |
| Plaintiff - Appellant, | D.C. No. 5:13-cv-01380-JGB-SP |
| v. | |
| CITY OF SAN JACINTO; TIM HULTS; TOM PRILL; COUNTY OF RIVERSIDE; DON KENT, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted June 9, 2016
Pasadena, California

Before: GOULD and HURWITZ, Circuit Judges, and RESTANI,[**] Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

The primary question in this case is whether cities in California may impose a special assessment or attach a lien to real property to collect fines or penalties for municipal ordinance violations. We hold that California law prohibits cities from doing so. We reverse in part, vacate in part, and affirm in part the district court's order, and we remand for further proceedings.

1.      San Jacinto Municipal Code § 1.28.110(C) allows the city to "place a lien on property that is the subject of a citation if the citation has been issued to the current property owner of record." "[T]he amount of the proposed lien may be collected as a special assessment at the same time and in the same manner as property taxes are collected." SJMC § 1.28.110(C)(3). Mechammil argues that these city ordinances are inconsistent with California state law. We agree.

In support of its ordinances, San Jacinto relies on California Government Code § 53069.4(a)(1), which allows cities to "make any violation of any ordinance enacted by the local agency subject to an administrative fine or penalty." The city "shall set forth by ordinance the administrative procedures that shall govern the imposition, enforcement, collection, and administrative review by the local agency of those administrative fines or penalties." *Id.* Read in isolation, this provision does not restrict a city's authority to collect fines by lien or special assessment. But we read the words of a statute "in their context and with a view to their place

2

in the overall statutory scheme." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (citation omitted). "[T]he meaning of one statute may be affected by other Acts." *Id.* (citation omitted); *see also King v. Burwell*, 135 S. Ct. 2480, 2489 (2015).

A related California statute provides that "[t]he legislative body [of a city] may by ordinance establish a procedure to collect abatement and related administrative *costs* by a nuisance abatement lien." Cal. Gov't Code § 38773.1(a) (emphasis added). As an alternative, California Government Code § 38773.5(a) allows cities to "make the *cost* of abatement of a nuisance upon a parcel of land a special assessment against that parcel." (emphasis added). Theses statutes authorize the use of liens and assessments only to collect nuisance abatement costs, not fines or penalties. Applying the *expressio unius est exclusio alterius*[1] canon of statutory interpretation, *see Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (en banc), we conclude that California law does not authorize cities to collect nuisance fines or penalties by attaching a lien or imposing an assessment.

---

[1] This Latin maxim literally means "the expression of one is the exclusion of others."

Extrinsic evidence also supports this interpretation of California law.  In 2009–10, the California legislature passed a bill to amend California Government Code §§ 38773.1 and 38773.5 to include "fines related to the nuisance abatement." *See* Assemb. B. 2317, 2009–10 Reg. Sess. (Cal. 2010).  As stated by the Legislative Counsel's Digest, "Existing law authorizes the legislative body of a city or county to establish a procedure to use a nuisance abatement lien or a special assessment to collect abatement costs and related administrative costs.  This bill would authorize . . . the legislative body of a city or county to also collect fines related to the nuisance abatement using a nuisance abatement lien or a special assessment."  This legislation was vetoed, however, by Governor Schwarzenegger, who stated, "It is important that the due process rights of homeowners are balanced against a local government's right to collect a nuisance abatement fine.  The current system that requires a local government to seek judicial approval to impose a lien properly balances these opposing interests."  Veto Message to Cal. Assemb. B. 2317, 2009–10 Reg. Sess. (Sept. 30, 2010).

Additionally, the California legislature passed three other bills between 2010 and 2013 to amend California Government Code § 53069.4 to allow cities to use special assessments and liens to collect fines or penalties associated with ordinance violations.  *See* Assemb. B. 683, 2013–14 Reg. Sess. (Cal. 2013); Assemb. B. 129,

4

2011–12 Reg. Sess. (Cal. 2011); Assemb. B. 2613, 2009–10 Reg. Sess. (Cal. 2010). As the author of Assembly Bill 683 stated, "AB 683 closes the loop on an anomaly where cities and counties can recover their costs for code enforcement by way of lien or tax assessment – but are not able to similarly enforce fines." Bill Analysis to Cal. Assemb. B. 683, 2013–14 Reg. Sess., at 3 (Sept. 5, 2013). Each of these bills was also vetoed by the governor. This extrinsic evidence reinforces our interpretation of the California statues. *See Indep. Home Support Serv., Inc. v. Superior Court*, 52 Cal. Rptr. 3d 562, 572–73 & n.4 (Cal. Ct. App. 2006) (explaining that a bill that passes but is vetoed can shed light on legislative intent, and giving a governor's veto message "considerable weight").

We hold that cities in California cannot attach liens or impose special assessments to collect outstanding nuisance fines or penalties. We reverse the district court's dismissal of this claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and we instruct the district court on remand to grant declaratory relief to Mechammil on this issue.

2. The district court erred in dismissing Mechammil's takings and substantive due process claims as unripe. With respect to the takings claim, the district court held that Mechammil was first required to bring "a claim for compensation" in state court, rather than a "takings claim." We see no meaningful

5

distinction between the two terms. Mechammil's state complaint sought "damages for losses from the depletion of the value of the Property," which we understand to be a claim for compensation for the allegedly unlawful taking. The only reason the claim ended up in federal court was because the defendants removed it.

We also reverse the district court's dismissal of Mechammil's substantive due process claim as unripe. The district court held that Mechammil had not "obtained a 'final decision' concerning the applicability of SJMC § 1.28.110 as it applies to his property." But the City had already relied on that ordinance to assess Mechammil's property, and those assessments had been charged on Mechammil's tax bills and were accruing significant interest. No further government action was necessary to make those assessments "final." The City's brief confuses ripeness, *i.e.* the need to have received a final decision, with exhaustion, *i.e.* the need to first use state or local procedures to allow a state or local agency to address a legal dispute before filing a federal lawsuit. There is no general exhaustion requirement under 42 U.S.C. § 1983. *See Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982). We vacate the district court's dismissal of these claims and remand for the district court to reconsider whether Mechammil has stated claims under the Takings Clause and the substantive component of the Due Process Clause.

6

3. The district court did not err in dismissing Mechammil's procedural due process claim for failure to state a claim. Although the parties disagree whether the Notices of Pendency of Nuisance Abatement Proceeding were properly recorded as lis pendens such that they put Mechammil on constructive or inquiry notice under California law, the question of what process is due under the U.S. Constitution is a question of federal, not state, law. *Ford v. Wainwright*, 477 U.S. 399, 428–29 (1986) (O'Connor, J., concurring in the result in part and dissenting in part); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *Schroeder v. City of New York*, 371 U.S. 208, 211 (1962). We hold that the City provided notice "'reasonably calculated under all the circumstances' to apprise [Mechammil] of the pendency of the [assessment]." *Dusenbury v. United States*, 534 U.S. 161, 168 (2002); *see also Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985) (noting that inquiry notice can become a question of law when "the palpable facts are substantially undisputed"). Because the fourteen Notices were recorded, whether lawfully or not, a reasonably prudent purchaser would have discovered them before purchase. And once seeing the recorded Notices of nuisance actions—without seeing any documents showing a resolution of the citations or a discharge of the fines—a reasonably prudent purchaser would

7

have inquired of either the seller or the City or both whether the citation issues had been resolved.

We further hold that Mechammil had sufficient opportunity to be heard because Riverside County has a well-defined process for appealing assessments, complete with a website providing manuals, forms, instructions, and rules of procedure. *See* Assessment Appeals, Riverside County Clerk of the Board, http://www.rivcocob.org/assessment-appeals-office (last visited June 24, 2016); *see also* Assessment Appeal Application, http://rivcocob.org/wp-content/uploads/2015/06/305ah_form_NEW.pdf (last visited June 24, 2016) (allowing taxpayers to appeal on that the grounds that a "[p]enalty assessment is not justified"). Mechammil did not use this appeal process when he received his first tax bill including the assessment from Riverside County in February 2012, nor did he do so when he received another tax bill with an assessment in September 2012. "[W]here adequate administrative procedures exist, a person cannot state a claim for denial of procedural rights when he has elected to forego" those procedures. *Correa v. Nampa Sch. Dist. No. 131*, 645 F.2d 814, 817 (9th Cir. 1981) (citing *Bignall v. N. Idaho Coll.*, 538 F.2d 243, 247 (9th Cir. 1976)). We affirm the dismissal of Mechammil's procedural due process claim.

5. The district court did not abuse its discretion in dismissing Mechammil's Eighth Amendment excessive fines claim because it exceeded the court's order allowing amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

6. Given our holding on the validity of the assessments under California law, we need not reach the question whether Mechammil was a bona-fide purchaser for value under California law.

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.** Costs on appeal are awarded to Mechammil. *See* Fed. R. App. P. 39(a)(4).