Filed 3/22/21  Elder-Evins v. County of Sonoma CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| ANNETTE SHARLENE ELDER-EVINS,<br><br>　　Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SONOMA,<br>　　Defendant and Respondent. | A159318<br><br>(Sonoma County<br>Super. Ct. No.<br>SCV-261282) |

Appellant Annette Sharlene Elder-Evins (Appellant) appeals following the trial court's grant of a motion for judgment on the pleadings filed by respondent County of Sonoma (Respondent).  We remand with directions that the trial court allow Appellant to file an amended complaint alleging a tax refund cause of action under Revenue and Taxation Code section 5140 et seq.[1]

BACKGROUND

In September 2017, Appellant filed the present action against Tuan Phan and Respondent (as well as Doe defendants).  The action followed Respondent's sale of Appellant's real property on Leddy Avenue in the City of Santa Rosa (Property) to Phan at public auction, due to unpaid taxes.

---

[1] All undesignated statutory references are to the Revenue and Taxation Code.

1

Appellant alleged that the sale was based on erroneous tax assessments made in 2009 and 2010 and that she had unsuccessfully sought cancellation of the assessments. The complaint included a quiet title cause of action that alleged Appellant is entitled "to equitable relief declaring her to be the title owner of record of the Property and quieting [her] title therein against the claim of defendant Phan." The complaint also included a declaratory relief cause of action seeking a declaration that Appellant "is the true and rightful owner of the Property."

In May 2019, Respondent moved for judgment on the pleadings. In September, the trial court entered an order sustaining Respondent's motion without leave to amend.[2] The court concluded the quiet title cause of action was moot because it was undisputed at the time of the ruling that Respondent had rescinded the tax sale and neither Respondent nor Phan claimed an interest in the Property.[3] The court also concluded Appellant's quiet title claim failed as to Respondent because the only basis for the claim was Appellant's assertion the taxes were improper, and the procedure to raise that claim is a refund action following payment of the taxes. The trial court held Appellant's declaratory relief claim against Respondent failed for the same reason—Appellant's claim could only be adjudicated in a refund action.

Appellant moved for reconsideration of the trial court's order or, in the alternative, relief from the judgment. The court denied the motion in

---

[2] Respondent also sought summary judgment, but the trial court denied that motion because Respondent failed to submit a separate statement of material facts or any evidence.

[3] Appellant does not challenge that aspect of the trial court's ruling, nor does she challenge the court's entry of judgment in Phan's favor in September 2019. Phan is not involved in the present appeal.

December 2019. Among other things, the court concluded Appellant had not presented new facts or law not previously considered by the court.

The present appeal followed.

## DISCUSSION

" 'A motion for judgment on the pleadings serves the function of a demurrer, challenging only defects on the face of the complaint.' [Citation.] . . . We exercise our independent judgment in determining whether the challenged complaint states a cause of action. [Citation.] 'In the case of either a demurrer or a motion for judgment on the pleadings, leave to amend should be granted if there is any reasonable possibility that the plaintiff can state a good cause of action.' " (*Eckler v. Neutrogena Corp.* (2015) 238 Cal.App.4th 433, 439.)

Appellant contends the trial court erred in granting Respondent's motion for judgment on the pleadings without leave to amend. She does not argue the trial court erred in concluding her quiet title cause of action is moot. Instead, she argues the court erred in concluding the tax assessments at issue (for nuisance abatement at the Property) could only be challenged in a refund action. And, in the alternative, she argues she should be granted leave to amend to allege a refund cause of action. We conclude the trial court did not err in concluding a refund action is the appropriate method to challenge the tax assessments, but we remand with instructions that Appellant be granted an opportunity to amend her complaint.

3

I.    *Appellant Has Not Shown the Trial Court Erred in Concluding Her Claim Had to be Brought as a Refund Action*

The trial court concluded Appellant's complaint failed to state a claim for declaratory relief because Appellant was required to pursue relief in a refund action.  We agree.[4]

Section 4807 bars actions interfering with the collection of property taxes, providing, "No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action, or proceeding in any court against any county, municipality, or district, or any officer thereof, to prevent or enjoin the collection of property taxes sought to be collected."  Instead, a party seeking to challenge the validity of a tax must pay the tax and then file a refund action; this is known as the " 'pay first, litigate later' doctrine." (*California State University, Fresno Assn., Inc. v. County of Fresno* (2017) 9 Cal.App.5th 250, 263 (*CSU Fresno*).)

In the present case, the parties agree the taxes at issue were imposed by the City of Santa Rosa as assessments for nuisance abatement on the Property.[5]  Although Appellant contends the assessments were improper

---

[4] Although the declaratory relief cause of action in the complaint does not request relief regarding the nuisance abatement cost assessments, we construe Appellant's argument on appeal as a request to amend the complaint to seek such relief.

[5] A 2016 unpublished federal decision held that "cities in California cannot attach liens or impose special assessments to collect outstanding nuisance fines or penalties," in contrast to nuisance abatement costs. (*Mechammil v. City of San Jacinto* (9th Cir. 2016) 653 Fed. Appx. 562, 565.)  Respondent states that, pursuant to that decision, it "removed the Santa Rosa charges for penalties and interest from [Appellant's] property tax roll."  We cannot rely on that assertion in reviewing the ruling on Respondent's motion for judgment on the pleadings.  Nevertheless, Appellant's complaint does not allege the Property is still subject to penalties associated with the nuisance

because the abatement never occurred (see p. 6, *post*), she does not dispute that, if the City incurred abatement costs, Government Code section 38773.5, subdivision (a), authorized it to "make the cost of abatement of a nuisance upon a parcel of land a special assessment against that parcel." Subdivision (c) of that statute provides that "[a]ll laws applicable to the levy, collection and enforcement of municipal taxes shall be applicable to the special assessment against that parcel." (Govt. Code, § 38773.5, subd. (c).) And section 4801, in the same part of the code as the section 4807 prohibition on actions interfering with tax collection, provides that "As used in this part, 'taxes' includes assessments collected at the same time and in the same manner as county taxes." Respondent argues these various provisions, considered in combination, require any challenge to a nuisance abatement assessment to be brought as a refund action. We agree.

The decision in *Kahan v. City of Richmond* (2019) 35 Cal.App.5th 721, is instructive. At issue in that case was the City of Richmond's " 'special assessment' lien against [a] property for unpaid garbage collection fees." (*Id.* at p. 727.) The court of appeal concluded the "delinquent garbage fees" were subject to the refund action procedures. (*Id.* at pp. 737–738.) The court emphasized the broad definition in section 4801 and noted that Government Code section 25831, subdivision (d), provided that the fees "may be collected at the same time and in the same manner as ordinary county ad valorem property taxes are collected . . . ." (*Kahan*, at p. 737.) The court of appeal held the plaintiff "failed to state a cause of action because he failed to allege compliance with the procedures of the Revenue and Taxation Code." (*Kahan*, at p. 738.)

---

abatement and she does not request leave to amend the complaint to so allege.

5

To similar effect is the decision in *Hanjin Internat. Corp. v. Los Angeles County Metro. Transportation Auth.* (2003) 110 Cal.App.4th 1109 (*Hanjin*). The issue there was whether a special benefit assessment for transit was a tax for the purposes of the statutory time period for filing an administrative refund claim. (*Hanjin*, at p. 1112.) The court of appeal concluded it was, in light of the definition in section 4801 and statutory language in Public Utilities Code section 33017 providing that the assessments "shall be levied and collected by the county at the same time and in the same manner as taxes are levied and collected." (*Hanjin*, at p. 1113.)

Appellant argues *Kahan* is distinguishable because in that case "the plaintiff did not challenge whether the delinquent garbage fees were authorized, it challenged the method of collection of those fees by designating garbage fees as special assessments. [Citation.] [¶] Here, on the other hand, [Appellant] questions—and has repeatedly questioned—the City's authority to designate the costs of abatement as a special assessment when *it did not abate* any nuisance on her property." She also asserts, "For years, her position has been that the City took no action on her property and incurred no costs whatsoever." Thus, Appellant's claim is a *factual* dispute regarding the propriety of the assessment. But Appellant cites no authority such a claim need not be presented in a refund action. It would fundamentally undermine the "pay first, litigate later" doctrine if any factual dispute about the propriety of an assessment were to render the refund action procedure inapplicable.

To the extent Appellant's contention is a legal claim that assessments for nuisance abatement costs are categorically not within the scope of the section 4801 definition and the refund action requirement, the argument fails because she provides no reason why the result in the present case on that

6

legal question should differ from that in *Kahan*. Appellant cites a federal decision, *Bidart Bros. v. Cal. Apple Commission* (9th Cir. 1996) 73 F.3d 925, that addressed whether a fee was a tax for purposes of the federal Tax Injunction Act (28 U.S.C. § 1341). That court adopted a three-factor test for making the determination. (*Bidart*, at p. 931.) However, Appellant cites no authority that a similar analysis is required in determining the scope of the section 4807 prohibition. (See *Kahan*, *supra*, 35 Cal.App.5th at p. 737 ["even if the delinquent garbage fees are more appropriately categorized as 'user fees' than assessments, Kahan cites no authority that these distinctions apply to the Revenue and Taxation Code provisions which govern the procedures that must be followed in pursuing a refund of a tax or assessment"].)

Thus, Appellant has not shown she has alleged or can allege a valid cause of action for declaratory relief against Respondent. (See *Rickley v. Cty. of Los Angeles* (2004) 114 Cal.App.4th 1002, 1013 [" 'The rule in this state is that injunctive and declaratory relief will not be granted where there is a plain, complete, speedy, and adequate remedy at law. [Citation.] . . . Any remedy that allows a taxpayer to challenge a tax already collected, and to press any constitutional claims he or she may have, has been found to constitute " 'a plain, speedy and efficient remedy,' " barring equitable relief.' "].)

Finally, Appellant devotes substantial briefing on appeal to her argument that Respondent below mischaracterized the taxes at issue as property taxes and failed to acknowledge Appellant's averment that she paid the challenged assessment the first year. But Appellant has not shown Respondent's characterizations of the issues below require reversal of the trial court's ruling. And Appellant has not shown a reasonable possibility she

7

can amend her complaint to allege a fraud cause of action against Respondent or any "civil rights violations."[6]

II.   *Appellant Should be Granted Leave to Amend to Allege a Refund Cause of Action*

In the alternative, Appellant contends she should be granted leave to amend her complaint to allege a tax refund cause of action.  We agree.[7]

"[T]he Legislature has statutorily established a three-step process for handling challenges to property tax assessments and refund requests.  The first step is the filing of an application for assessment reduction under section 1603, subdivision (a) . . . .  The second step, which occurs after payment of the tax, is the filing of an administrative refund claim under section 5097, subdivision (a), which provides in relevant part that '[n]o order for a refund . . . shall be made except on' the timely filing of a verified claim for refund. . . . The third and final step in the process is the filing of an action in superior court pursuant to section 5140, which provides that a person who paid the property tax may bring an action in superior court 'against a county or a city to recover a tax which the board of supervisors of the county or the city council of the city has refused to refund on a claim filed pursuant to Article 1 (commencing with Section 5096) of this chapter.'  A court action may not 'be commenced or maintained . . . unless a claim for refund has first been filed

---

[6] Appellant also contends the trial court erred in denying her motions for reconsideration and for relief from judgment.  But the arguments and clarifications Appellant offered did not show the causes of action in her complaint had merit, and she has not explained her failure to present such matters in her opposition to Respondent's motion for judgment on the pleadings.  (*New York Times Co. v. Superior Ct.* (2005) 135 Cal.App.4th 206, 212.)

[7] This court obtained supplemental letter briefs from the parties on this question.

pursuant to Article 1 . . . .' (§ 5142, subd. (a).)" (*Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298, 1307–1308 (*Steinhart*); accord *CSU Fresno*, *supra*, 9 Cal.App.5th at pp. 263–265.)

At the outset, we observe Appellant has shown she can amend her complaint to allege a tax payment that would be the subject of a refund action. Although Appellant did not allege a refund cause of action in her complaint, she has consistently maintained throughout the litigation that she partially paid the contested assessments. For example, in a September 2017 declaration submitted in support of her complaint, Appellant averred she paid the contested assessment "the first year." In her September 2019 declaration in support of her motion for reconsideration, she averred she "paid the County $10,000 for the illegally-assessed fines in 2008."

In its supplemental brief, Respondent argues any refund action would be barred because Appellant did not file an administrative refund claim. (See, e.g., *Steinhart*, *supra*, 47 Cal.4th at p. 1308.) In response, Appellant points to the September 2017 declaration, in which she averred that she "argued that the charges were without voter approval, or signature or consent. I constantly objected to the charges and went to several different agencies yearly seeking to have the validity hearing." She asserts in her supplemental brief, "These statements, which are incorporated into the Complaint, constitute allegations that sufficiently assert exhaustion of administrative remedies through making a claim with the County for a refund." Appellant also attached a document to her letter brief that she characterizes as "a demand for refund [she] submitted to the City of Santa Rosa on September 16, 2009." She asserts she "submitted a similar claim" to Respondent and she "has documentary evidence and witnesses to help her show that she repeatedly demanded a refund and directed her requests to

9

various individuals and departments." Finally, a January 2019 letter to Appellant from Respondent's Office of the County Counsel reflects that Appellant unsuccessfully sought refund of the "nuisance abatement penalties that were already paid."[8]

It is not clear whether any of Appellant's objections and demands constituted a timely "claim for refund" within the meaning of section 5142, subdivision (a) and section 5096 et seq. It is also not clear whether Appellant was required to file an application for assessment reduction under section 1603, subdivision (a) and, if so, whether she did so. (See *Williams & Fickett v. County of Fresno* (2017) 2 Cal.5th 1258; *Steinhart*, *supra*, 47 Cal.4th at p. 1308.) We note Respondent's supplemental brief flatly asserts, "Appellant failed to exhaust her administrative remedies pursuant to . . . section 5097 regarding her 2008-2009 property tax payment." However, Respondent's failure to acknowledge and address any of Appellant's administrative efforts is puzzling, because Appellant has consistently taken the position that she repeatedly and unsuccessfully sought relief through administrative channels. Some of those efforts are reflected in the January 2019 letter from Respondent's own Office of the County Counsel, which also represents Respondent in the present appeal. Thus, Respondent's supplemental brief provides no basis to conclude Appellant's efforts failed to comply with the statutory requirements.

Absent more specific allegations regarding what actual administrative steps Appellant took to challenge the tax assessments and obtain a refund, this court cannot conclusively determine whether Appellant can state a

---

[8] We grant Appellant's June 12, 2020 Request for Judicial Notice of the letter, but we consider it only as corroboration of Appellant's assertion that she can amend her complaint to allege she made a refund claim.

viable tax refund action. We conclude, however, that Appellant *has* demonstrated a " 'reasonable possibility' " she can do so. (*Eckler v. Neutrogena Corp.*, *supra*, 238 Cal.App.4th at p. 439; see also *Sanai v. Saltz* (2009) 170 Cal.App.4th 746, 768, quoting *Lemoge Electric v. County of San Mateo* (1956) 46 Cal.2d 659, 664 [" 'Great liberality should be exercised in permitting a plaintiff to amend.' "].) We remand with directions that the trial court provide Appellant an opportunity to file an amended complaint alleging a refund cause of action. The viability of such an amended complaint may be determined in further proceedings below.[9]

## DISPOSITION

The trial court's judgment is reversed insofar as it precludes Appellant from filing an amended complaint alleging a refund cause of action under section 5140 et seq., and the matter is remanded to provide Appellant an opportunity to plead such a cause of action. In all other respects, including dismissal of the quiet title and declaratory relief causes of action in Appellant's complaint, the judgment is affirmed. The parties shall bear their own costs on appeal.

---

[9] Appellant argues Respondent waived any defenses or is judicially estopped from asserting defenses based on her non-compliance with statutory requirements for presenting refund claims. However, given that the complaint did not allege a section 5140 refund cause of action, Respondent could not have been expected to argue Appellant's failure to comply with statutory prerequisites for such an action in its motion for judgment on the pleadings.

_____

SIMONS, Acting P.J.

We concur.

_____

BURNS, J.

_____

SELIGMAN, J.*

(A159318)

<hr>

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.